NORTH ROYALTON EDUCATION ASSN. ET AL., APPELLANTS, V.
NORTH ROYALTON BD. OF EDUCATION, APPELLEE.

## I.

KRENZLER, J., concurring. I concur in the judgment of reversal and agree that a school board empowered by statute to enter into individual contracts of employment with teachers may, in the absence of a statutory prohibition, conclude a collective bargaining contract with a teachers association representing the teachers. Further, a compulsory arbitration clause in a collective bargaining agreement between a school board and the teachers association representing its teachers, which provides for final and binding awards does not unlawfully delegate the power of the board when the arbitration requirement is confined to grievances involving only the interpretation and application of the contract.

## II.

Because the timeliness of the filing of a notice of appeal has become a serious problem, I *reluctantly* concur in the decision regarding this court's jurisdiction over this appeal.

After the trial court entered judgment on December 27, 1972, a timely notice of appeal was not filed within 30 days from the date of that judgment. The plaintiff appellant filed a motion for reconsideration on the 8th day of January, 1973, and this motion was overruled by the trial court on the 4th day of May, 1973; and a notice of appeal was filed in this Court on the 31st day of May, 1973 from the trial court's decision overruling the motion for reconsideration.

The Civil Rules clearly provide that a notice of appeal must be filed within 30 days of the date of the entry of the judgment or order appealed from. Appellate Rule 4(A). The running of the time for filing a notice of appeal is only suspended if a timely motion is filed in the trial court for judgment under Civil Rule 50(B) and/or for a new trial under Civil Rule 59, and the appeal time commences to run

upon the filing of an order ruling on the motion for judgment under Civil Rule 50(B), or for a new trial under Civil Rule 59. Appellate Rule 4(A). Further, the Civil Rules do not make provision for a motion for reconsideration, nor does such motion for reconsideration toll the time for filing an appeal. See *Kauder* v. *Kauder* (1974), 38 Ohio St. 2d 265.

In this case we are holding that the caption or form of the motion, i. e., "Motion for Reconsideration" does not control but it is the substance of the motion that will determine whether or not it is a motion for a new trial which tolls the time for filing a notice of appeal.

I do not believe it is good practice for courts of appeals to have to evaluate each and every motion for reconsideration in order to determine if it is in substance a motion for a new trial filed under Civil Rule 59. It would be better practice and would simplify matters for attorneys and this Court if Civil Rules 50(B) and 59 were complied with, rather than having questionable motions for reconsideration filed which jeopardize the timeliness of an appeal.

If a losing party seeks a new trial by filing a timely motion for a new trial under Civil Rule 59, this will toll the time for filing a notice of appeal. Civil Rule 59 applies both to trials before a jury and to those cases tried to a court.

However, many problems develop as to whether the time for filing a notice of appeal is tolled when a case is tried before a court and judgment is entered and the losing party files motions such as a motion for reconsideration or a motion for judgment.

If the losing party in a trial to a court does not want a new trial but wants a judgment he is in a dilemma as to the type of motion to file that will toll the time for filing a notice of appeal. This arises because some attorneys question whether a motion for judgment under Civil Rule 50 (B), which tolls the time for filing a notice of appeal, applies only to a trial before a jury, or whether it also applies to a trial before a court.

It is, therefore, necessary to closely review Civil Rule

50(B), which is entitled a "motion for judgment notwithstanding the verdict." In spite of its caption, a judgment under this rule can be rendered by the trial court in situations other than when there is a jury verdict, as will be discussed below.

A motion under Civil Rule 50(B) must be filed no later than 14 days after entry of judgment and a judgment for the movant can be granted in response to such timely motion under several circumstances: (1) after a jury verdict is entered and before judgment a party may timely move to have the verdict set aside and judgment entered in his favor; (2) if the judgment was entered after the verdict, the party may move to have the verdict and judgment set aside and judgment entered in accordance with his motion; (3) if a jury verdict was not returned a party may within 14 days after the jury has been discharged move for judgment in accordance with his motion. Under any of the foregoing circumstances, the trial court may grant the motion and reopen and vacate the original judgment and enter judgment for the movant.

Strictly construed, Civil Rule 50(B), which provides for a motion for judgment, only provides for a motion for judgment when there is a jury trial and makes no reference to a trial to a court. Consequently, the timely filing of a motion for judgment under Civil Rule 50(B) when there was a jury trial tolls the time for filing a notice of appeal. However, when there was a trial before a court, the filing of a motion for judgment does not toll the time for filing a notice of appeal unless Civil Rule 50(B) can be so liberally construed so as to provide for the tolling of the time for filing of a notice of appeal in such cases. There does not appear to be any valid reason why a case tried before a jury should be treated differently than a case tried to a court in regard to the filing of a motion for judgment or to the tolling of the appeal period when a motion for judgment is filed by the losing party under Civil Rule 50(B); but the explicit language of the Rule makes such an interpretation tenuous and attorneys should be on guard when attempting to read the Rule in this manner. Thus, the language of Civil Rule 50(B) presents a problem to the los-

ing party in a trial before a court if he does not want a new trial, but instead wants the trial court to reconsider its decision and grant him judgment and also wants to toll the time for filing a notice of appeal while the trial court is considering his motion.

Such party filing a motion for reconsideration or for judgment in a case tried to the court must make every effort to insure that his motion is ruled on within 30 days of the entry of judgment. Otherwise, the trial court may lose jurisdiction to act on the motion, or the movant may be precluded from filing his appeal, depending on the facts and circumstances: (1) if the motion for reconsideration or for judgment is ruled on within 30 days of the entry of judgment, the problem does not occur and the party may still file a timely notice of appeal; (2) if the motion for reconsideration or judgment is not ruled on within 30 days of entry of judgment and the party decides to wait for a ruling on the motion before filing a notice of appeal and a timely notice of appeal is not filed, the party would then be precluded from taking his appeal; (3) if the motion for reconsideration or for judgment is not ruled on within 30 days of entry of judgment but a timely notice of appeal was filed, the trial court will lose jurisdiction to act on the motion because the court of appeals would then have jurisdiction of the case.

If a party in a case that was tried to the court wants to toll the time for filing a notice of appeal while his post trial motions are being considered he would be well advised to file a motion for a new trial under Civil Rule 59 together with any other motions he may want to file because the filing of such a motion clearly tolls the time for filing of a notice of appeal, while the filing of motions for judgment under Civil Rule 50(B) will not toll the time for filing a notice of appeal.

Because of these problems attorneys for losing parties in cases tried before courts should be on their guard regarding any motions they file other than a motion for a new trial under Civil Rule 59 if they want to protect and preserve their right to file a timely notice of appeal.