**[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 503.]**

FIRST BANK OF MARIETTA, APPELLEE, *v.* MASCRETE, INC. ET AL.; ROSLOVIC & PARTNERS, INC., APPELLANT.

[Cite as *First Bank of Marietta v. Mascrete, Inc.*, 1997-Ohio-158.]

*Civil procedure—Contempt hearing may be considered a trial for purposes of a Civ.R. 59 motion for new trial—Proceeding is considered a trial for purposes of Civ.R. 59 when indicia of trial substantially predominate in the proceeding.*

1. A contempt hearing may be considered a trial for purposes of a Civ.R. 59 motion for a new trial.

2. A proceeding is considered a trial for purposes of Civ.R. 59 when the indicia of trial substantially predominate in the proceeding.

(No. 96-907—Submitted April 2, 1997 at the Athens County Session—Decided October 1, 1997.)

APPEAL from the Court of Appeals for Washington County, No. 95CA4.

_____

{¶ 1} The underlying action in this case is a suit filed by appellee First Bank of Marietta ("First Bank"), against Mascrete, Inc. ("Mascrete") and others in which First Bank obtained a judgment of $269,437. Appellant Roslovic & Partners, Inc. ("Roslovic") is a general contractor located in Columbus from whom First Bank attempted to garnish funds in satisfaction of its judgment against Mascrete. Roslovic was not a party to the underlying action.

{¶ 2} Mascrete had contracted to supply and install concrete for two Columbus Lowe's store construction projects for which Roslovic was the general contractor. Progress payments had been made by Roslovic to Mascrete on the project, but First Bank claimed that a substantial portion of the contract price remained unpaid at the time First Bank initiated the garnishment proceedings giving

rise to this dispute. Acting under R.C. 2716.12 to satisfy its judgment, First Bank sought to garnish any monies owed to Mascrete by Roslovic.

{¶ 3} Upon receiving the trial court order of garnishment, Roslovic replied to the court that it did not have money, property, or credits under its control or in its possession belonging to Mascrete. First Bank then filed a motion to hold Roslovic in contempt pursuant to R.C. 2716.21(E), contending that Roslovic was holding amounts owed to Mascrete sufficient to satisfy Mascrete's judgment debt to First Bank. An order was issued on November 9, 1994 requiring Roslovic to show cause why it should not be held in contempt. In that order, the trial court instructed Roslovic to appear with "all documents, receipts, checks, contracts and other accounting records relating to contracts by said Garnishee with Defendant, Mascrete, Inc. dated May 4, 1994 for the property described in the said Affidavit, Order and Notice of Garnishment filed and issued on September 2, 1994." The court set the hearing for November 21, 1994, less than two weeks from the date of the order.

{¶ 4} At the hearing, First Bank presented documents establishing that the total contract price to be paid by Roslovic to Mascrete for subcontract work on the Lowe's store projects was $826,000. Roslovic claimed that on the date it filed its response to the garnishment order, it had already paid Mascrete all amounts owing under the two contracts. In fact, Roslovic claimed that it had inadvertently overpaid Mascrete, and that Roslovic was not holding any amounts owed to Mascrete.

{¶ 5} First Bank offered evidence of two $10,000 checks, each paid to Mascrete by Roslovic after Roslovic had received the notice of garnishment. No witness testimony was taken at the contempt hearing, and the court immediately announced its judgment based upon the documentary evidence and the arguments of counsel. The court held Roslovic in contempt and stated that it would enter judgment in favor of First Bank and against Roslovic in the amount of $20,000. The trial court entered its decision on December 5, 1994.

{¶ 6} Roslovic's motion for reconsideration was denied by the trial court. Roslovic then filed a motion for a new trial and for relief from judgment, which the trial court denied by a decision dated January 12, 1995. Roslovic filed its notice of appeal on January 30, 1995.

{¶ 7} The court of appeals affirmed the denial of the motion for a new trial but dismissed the appeal of the contempt judgment on the grounds that the appeal had not been timely filed. Having determined that a contempt hearing is not a trial, the court of appeals held that the motion for a new trial could not have tolled the period for appeal. Roslovic's notice of appeal was therefore untimely and the court was without jurisdiction to hear the appeal from the judgment of contempt.

{¶ 8} The matter is now before this court pursuant to the allowance of a discretionary appeal.

_____

*Emens, Kegler, Brown, Hill & Ritter* and *Gene W. Holliker*, for appellee.

*Porter, Wright, Morris & Arthur* and *Brian L. Buzby*, for appellant.

_____

**MOYER, C.J.**

{¶ 9} The question presented in this case is whether a contempt hearing that results in a money judgment can be considered a trial for purposes of a Civ.R. 59 motion for a new trial. For the reasons that follow, we hold that it can, and we therefore reverse the judgment of the court of appeals.

{¶ 10} App.R. 4(A) provides that a notice of appeal must be filed, generally, within thirty days of the judgment being appealed. App.R. 4(B)(2) provides that "[i]n a civil case or juvenile proceeding, if a party files a timely motion for * * * a new trial under Civ.R. 59(B), * * * the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered."

**{¶ 11}** The record reveals that Roslovic's notice of appeal was filed on January 30, 1995, twenty-six days late in the absence of a tolling event, but only eighteen days after the ruling on the motion for a new trial.

**{¶ 12}** App.R. 4(B)(2) is clear. If the proceeding at issue was a trial, properly subject to a Civ.R. 59 motion, the notice of appeal was timely filed and the court of appeals had jurisdiction to consider the merits of the appeal. The only question for this court, then, is whether the proceeding at issue was a trial for Civ.R. 59 purposes.

**{¶ 13}** Civ.R. 59 provides simply:

"(A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds * * * ."

**{¶ 14}** Civ.R. 59 contains no definition of "trial." Nor, as appellant Roslovic observes, is the word "trial" defined anywhere in the Ohio Rules of Civil Procedure. In the absence of such a definition, the court of appeals concluded that a hearing is not a trial, and that without a trial there can be no proper motion for a new trial and no tolling of the time for appeal.

**{¶ 15}** In reaching its conclusion, the court of appeals relied on a concurrence in one of its own unreported cases, *In re Trust of Hosler* (Sept. 16, 1988), Pickaway App. No. 87 CA 37, unreported, 1988 WL 101217 (Stephenson, J., concurring), which cited *Brown v. Coffman* (1983), 13 Ohio App.3d 168, 169-170, 13 OBR 203, 204, 468 N.E.2d 790, 791. *Hosler* and *Brown* relied on the R.C. 2311.01 and 2311.02 definitions of the words "trial" and "issues" to conclude that a contempt hearing cannot be subject to a Civ.R. 59 motion for a new trial. We reject the reasoning of those cases.

**{¶ 16}** Though statutory definitions are not binding on the Ohio Rules of Civil Procedure, where the rules are silent, statutory definitions can serve as a helpful guide. R.C. 2311.01 defines a "trial" as "a judicial examination of issues, whether of law or of fact, in an action or proceeding."

**{¶ 17}** Under this broad definition, Roslovic's contempt hearing appears to have all the elements of a trial. Issues of both law and fact were examined by a judge in a courtroom in a proceeding that included the presentation of at least some documentary evidence, the arguments of counsel, and entry of a judgment for damages by the court.

**{¶ 18}** R.C. 2311.02 provides: "Issues arise on the pleadings where a fact or conclusion of law is maintained by one party and controverted by the other. * * *"

**{¶ 19}** The court of appeals relied on this language for the conclusion that issues cannot arise in the absence of pleadings. We do not agree.

**{¶ 20}** We conclude that the R.C. 2311.02 definition of "issues" does not exclude the possibility that issues can be examined in proceedings that are not initiated by pleadings. Neither the text of Civ.R. 59, nor the plain language of R.C. 2311.01 defining a trial, nor the body of case law, state or federal, supports such a narrow interpretation of the word "issues."

**{¶ 21}** Furthermore, the restrictive definition used by the court of appeals in this case is inconsistent with the use of the word "trial" as it appears elsewhere in the Civil Rules.

**{¶ 22}** Civ.R. 15(B), for example, provides:

"When issues not raised in the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendments of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. * * *"

**{¶ 23}** Civ.R. 15(B) speaks of "issues not raised in the pleadings," a phrase which must refute the notion that issues may arise only from a pleading, which in

turn refutes the notion that a trial, being an examination of issues, can be initiated only by pleadings.

{¶ 24} Since the appellate court's limited definitions of "trial" and "issues" conflict with the use of those terms elsewhere in the Civil Rules, we must reject those definitions. We hold, therefore, that a contempt hearing may be considered a trial for purposes of a Civ.R. 59 motion for a new trial.

{¶ 25} We further hold that the proper test for determination of whether a proceeding is a trial, subject to a Civ.R. 59 motion for a new trial, is an inquiry that focuses on the substance of the proceeding rather than on its form. A proceeding is considered a trial for purposes of Civ.R. 59 when the indicia of trial substantially predominate in the proceeding. In deciding whether a proceeding rises to the level of a trial for Civ.R. 59 purposes, courts should consider the nature of the individual proceeding.

{¶ 26} A list of relevant indicia may include (1) whether the proceeding was initiated by pleadings, (2) whether it took place in court, (3) whether it was held in the presence of a judge or magistrate, (4) whether the parties or their counsel were present, (5) whether evidence was introduced, (6) whether arguments were presented in court by counsel, (7) whether issues of fact were decided by the judge or magistrate, (8) whether the issues decided were central or ancillary to the primary dispute between the parties, (9) whether a judgment was rendered on the evidence. The list of factors is not intended to be exhaustive. Other indicia may be considered. The focus of the inquiry, however, is whether there is a substantial predominance of indicia of trial such that the proceeding is properly characterized as a trial for Civ.R. 59 purposes.

{¶ 27} Applying the test to the proceeding before us, we conclude that the indicia of trial substantially predominated in Roslovic's contempt hearing. Indeed, the only indicium of trial not present in the contempt hearing is the initiation of the proceeding by pleadings. We do not agree with the court of appeals that its

formalistic distinction is intended by the Civil Rules to determine whether a Civ.R. 59 motion is appropriate or whether its filing tolls the period for appeal.

{¶ 28} Other Ohio courts of appeals have reached the conclusion we reach today. In *N. Royalton Edn. Assn. v. N. Royalton Bd. of Edn.* (1974), 41 Ohio App.2d 209, 70 O.O.2d 434, 325 N.E.2d 901, the court held that a motion for reconsideration filed following the grant of a motion to dismiss a complaint could be treated as a motion for a new trial for purposes of the App.R. 4 (B)(2) tolling provision despite the fact that no actual trial had been held. *Id*. at 211-212, 70 O.O.2d at 435-436, 325 N.E.2d at 904-905.

{¶ 29} Similar reasoning has also been applied in cases predating the adoption of the Civil Rules. In *O'Connor v. Graff* (1959), 111 Ohio App. 398, 14 O.O.2d 411, 160 N.E.2d 374, the court held that in a postdivorce decree hearing, a petition for a new trial was appropriate and acted to toll the running of time to appeal. That court observed, "We find no limitation upon the definition of a trial or a new trial. A trial is an examination and decision of any issue—fact or law— and a new trial is a re-examination of such an issue by the same court." *Id*. at 400, 14 O.O.2d at 413, 160 N.E.2d at 376-377.

{¶ 30} In *Haase v. Haase* (1990), 64 Ohio App.3d 758, 582 N.E.2d 1107, the court stated: "'In the proceeding below, the trial court took evidence and heard argument on the issues raised by the several post decree motions before it. We believe that the language of Civil Rule 59 is broad enough to authorize the seeking of a rehearing of such post decree motions. *See Wright and Miller, Federal Practice and Procedure: Civil § 2804*, at 35 (1973). Further, we find no language within Appellate Rule 4(A), which mandates, or even suggests, that Civil Rule 59 motions for new trial, made following judgments on post divorce decree motions, do not suspend the running of the time for the filing of a notice of appeal.'" *Id*. at 762, 582 N.E.2d at 1109, quoting *DePetro v. DePetro* (Dec. 24, 1980), Cuyahoga App. No. 42300, unreported, at 3.

**{¶ 31}** Furthermore, federal case law and commentary are generally in accord with our resolution. Though federal law is not controlling with regard to interpretation of the Ohio Rules of Civil Procedure, it can be instructive where, as here, the rules are similar. One federal district court has stated, "It is clear that the concept of a 'new trial' used in Rule 59 has been interpreted to encompass the rehearing of a motion." *In re Ionian Shipping Co.* (S.D.N.Y. 1969), 49 F.R.D. 334, 336. Wright and Miller, in their treatise on federal civil procedure, likewise state, "The concept of a new trial under Rule 59 is broad enough to include a rehearing of any matter decided by the court without a jury." Wright, Miller & Kane, Federal Practice and Procedure (2 Ed. 1995) 51, Section 2804.

**{¶ 32}** The case law offered in support of its position by First Bank is not persuasive. In *L.A. & D., Inc. v. Lake Cty. Bd. of Commrs.* (1981), 67 Ohio St.2d 384, 21 O.O.3d 242, 423 N.E.2d 1109, we held that "a summary judgment proceeding is not a trial but rather is a hearing upon a motion." *Id*. at 387, 21 O.O.3d at 243, 423 N.E.2d at 1111. A grant of summary judgment, however, is very different from the contempt hearing at issue in this case. Summary judgment involves resolution of a case exclusively on documents. There are, therefore, very few indicia of trial in a grant of summary judgment and it is properly treated differently as a consequence. First Bank has not directed our attention to any cases where courts have refused to permit a motion for a new trial or the benefit of tolling of the period for appeal on facts similar to those in the present case.

**{¶ 33}** As a result of our holding that the hearing in this case was a trial for purposes of Civ.R. 59, we necessarily conclude that the filing period for Roslovic's appeal of the contempt judgment against it was tolled by the Civ.R. 59 motion and that the appeal was therefore timely filed.

**{¶ 34}** Accordingly, the judgment is reversed, and the cause is remanded to the court of appeals for review on the merits of the trial court's finding of contempt and judgment for money damages.

*Judgment reversed*
*and cause remanded.*

RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in the syllabus and judgment.

_____