Given the procedural irregularities noted in the majority opinion, I believe the decision it reaches serves justice. Nonetheless, I regretfully dissent because I find appellant's notice of appeal to have been timely filed.
In contrast to First Bank of Marietta v. Mascrete, Inc.
(1997), 79 Ohio St.3d 503, a contempt hearing was held in this case. Unlike the majority, I do not believe Civ.R. 56 can be interpreted to apply to the case sub judice. I find the "irregularity in the proceedings" and "abuse of discretion, by which an aggrieved party was prevented from having a fair trial" language found within Civ.R. 59(A)(1) is limited to irregularities during trial or abuse of discretion which prevented a fair trial. In either case, an actual trial or hearing must have been conducted before a new trial motion can be properly made.
Having concluded the filing a motion for a new trial was improper, such motion does not operate to extend the time period for filing the notice of appeal. Appellant's notice was untimely filed under App.R. 4. Accordingly, I would dismiss appellant's appeal for lack of jurisdiction.
JUDGE WILLIAM B. HOFFMAN.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, of Fairfield County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.