OPINION
Defendant-appellant, Karen E. Dunaway, appeals from the decision of the Belmont County Court of Common Pleas which found her to be in contempt of court in violation of a decree of dissolution of marriage and denied her motion for a new trial.
Appellant and plaintiff-appellee, Nick J. Zanke, were married and had three children. The parties' marriage was dissolved on August 25, 1982. A separation agreement between the parties was approved by the trial court and made part of the decree of dissolution. Article III, Section D of the separation agreement provided:
 "Upon the graduation from high school of the minor children of the parties and in the event said children desire to enter college or any technical or vocational institution, Husband and Wife hereby covenant and agree to each pay one half of the education expenses of said children for a period not to exceed four (4) years. The term `education expenses' as used herein shall include, by way of illustration and not limitation, tuition, books, fees, reasonable living and travel expenses. Provided, however, that all of such costs shall not in any event exceed the comparable cost chargeable by and payable to similar Ohio public educational institutions and, further, that such minor child's educational progress is satisfactory. Provided further, however, this obligation for either party shall not be binding if his or her earning ability has in some way become significantly impaired."
At the time the parties entered into the agreement appellant was earning between $2,000 and $5,000 a year as a substitute teacher. By November of 1997 appellant was earning approximately $50,000 a year as the principal of River High School.
On November 5, 1997, appellee filed a motion for contempt and for a lump sum judgment because appellant would not pay her one-half share of one of their daughter's college expenses. On March 4, 1998, the trial court ordered that appellant pay $2,949.82 to appellee for the child's expenses and that appellee pay $2,507.95 owing on one of the child's student loans. The trial court also found appellant to be in contempt for not paying her half of the college expenses. However, the court did not impose a sentence on appellant provided that she comply with the orders.
In June of 1998, appellant requested a medical leave of absence from her position at River High School. Appellant testified that she had uncontrollable diabetes, a loss of hearing in the left ear, and psychological problems. She had not been working since.
Appellant did not comply with the orders and was again found to be in contempt by the trial court in its opinion of February 5, 1999 and order of February 26, 1999. This time appellant was sentenced to ten days in jail but the sentence was suspended provided that she purge herself of contempt by paying appellee a lump sum judgment plus attorney's fees.
On March 1, 1999, appellant filed a motion for a new trial, a stay of the February order, and modification of the support order. At the hearing on this motion appellant testified that the State Teachers Retirement System had notified her that she was entitled to a temporary disability award, however, at the time she did not know how much money she would receive. The court told appellant to report to it within seven days of notification of the amount of money she would receive. Appellant also testified that in 1998 she earned approximately $25,000 before taking her leave of absence.
The trial court ruled that appellant's motion should have been termed a request for reconsideration and denied the motion along with the motion for modification in its opinion of April 9, 1999. The court also stated that its contempt order remained unchanged and granted appellant ninety days to pay the balance of its February 26, 1999 order. It is from this order, which reaffirms the decision entered by the court in its opinion of February 5, 1999 and its order of February 26, 1999, that appellant appeals. Appellant filed her notice of appeal on May 5, 1999 along with a motion for stay pending appeal.
Appellant's first two assignments of error will be addressed together since they both involve the same basic issue.
Appellant's first assignment of error states:
 "THE DECISION OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, THE LAW OF OHIO AND IS AN ABUSE OF DISCRETION."
Appellant's second assignment of error states:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLANT IN CONTEMPT OF COURT, AS GOOD FAITH INABILITY TO COMPLY WITH AN ORDER IS A DEFENSE TO A CHARGE OF CONTEMPT."
A trial court's finding of contempt will not be reversed absent an abuse of discretion. State ex rel. Ventrone v.Birkel (1981), 65 Ohio St.2d 10, 11. Abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." In re Jane Doe 1 (1991),57 Ohio St.3d 135, 137-138.
A reviewing court will not reverse factual findings that are supported by some competent, credible evidence. Sec. Pacific Natl.Bank v. Roulette (1986), 24 Ohio St.3d 17, 20; C.E. Morris Constr.Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280. The trial court is in the best position to judge credibility of testimony because it is in the best position to observe the witness's gestures and voice inflections. Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77.
Appellant argues that the trial court failed to consider evidence that she was physically and mentally disabled which forced her to take a leave of absence from her job and rendered her without any income. Since she was without income, appellant argues, she was unable to comply with the court's orders thus providing her with a complete defense to contempt. She argues that although the trial court gave her an opportunity to purge herself of the contempt by paying the previously ordered amount, it did not aid her because she would not receive any income within the allotted time period.
R.C. 2705.02 provides, in pertinent part:
 "A person guilty of any of the following acts may be punished as for a contempt:
 "(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer[.]"
When an alleged contemnor asserts an inability to pay an ordered amount as a defense to contempt, the burden is on her to establish the inability to pay. Pugh v. Pugh (1984),15 Ohio St.3d 136, 140.
In this case, appellant failed to establish, by sufficient evidence, her inability to pay. Appellant testified that since June of 1998 she had not received any income. However, at the time appellant was first ordered to pay her share of the child's college expenses, March 4, 1998, she was still employed as the principal of River High School, making approximately $50,000 a year. It was not until over two months later in June of 1998 that she requested a leave of absence. In fact, she testified that in 1998, when she worked half of the year, she earned approximately $25,000. Furthermore, appellant testified that subsequent to her leaving work she was entitled to disability benefits, although at the time she was not sure of the amount.
Based on the evidence presented, it was reasonable for the court to find appellant's defense unpersuasive. Moreover, this evidence supports the trial court's ruling and demonstrates that the court's decision was not arbitrary, unreasonable, or unconscionable.
Appellant next argues that the separation agreement was a contract and therefore the trial court did not have the authority to hold her in contempt for not complying with a voluntary contractual obligation.
Courts usually do not have the jurisdiction to order parents to support children who have reached the age of majority. Nokes v.Nokes (1976), 47 Ohio St.2d 1, 2. However, there is an exception when the parties have entered into a separation agreement that provides for child support beyond the age of majority and such agreement is incorporated into the divorce or dissolution decree.Id. Even though college expense obligations are not child support, a party can be subject to contempt proceedings for failure to pay the obligations when they are part of a separation agreement incorporated into a divorce or dissolution decree. Tappv. Tapp (1995), 105 Ohio App.3d 159.
Appellant argues that the trial court erred by ordering her to pay the balance of the court's February 26, 1999 order to purge herself of contempt. Appellant understood this to be her sanction for contempt and thus she argued that it violated the statutory limits set out in R.C. 2705.05. R.C. 2705.05 sets limits on the penalties for contempt. For a second offense of contempt the court may sanction the contemnor up to $500.00 and up to sixty days in jail. R.C. 2705.05(A)(2).
The punishment imposed upon a finding of contempt must allow the contemnor an opportunity to purge herself of the contempt.Tucker v. Tucker (1983), 10 Ohio App.3d 251, 252. The order to pay the sum from the February 26, 1999 order, which is in excess of $500.00, is not a sanction. It is the opportunity for appellant to purge herself of the contempt. If she fails to do so, her sanction is ten days in jail, which is permissible under the statute.
Accordingly, appellant's first and second assignments of error are without merit.
Appellant's third assignment of error states:
 "THE TRIAL COURT ERRED IN NOT CONSIDERING DEFENDANT-APPELLANT'S REQUEST FOR MODIFICATION OF THE ORDER WHICH IS THE SUBJECT OF THE CONTEMPT CITATION HEREIN BECAUSE DEFENDANT-APPELLANTS' [sic] EARNING ABILITY HAS BEEN SIGNIFICANTLY IMPAIRED."
Appellant alleges that the trial court failed to consider her request for modification. However, the trial court did consider the motion. The trial court demonstrated that it contemplated the motion. Early in the hearing the court notified appellant that she needed to convince it that her earnings had been impaired. Later the court questioned appellant about her motivation for modification of the agreement. When appellant argued that she would pay part of the college expenses if the agreement was modified so that she could have a say in what the children were doing in college, the court stated that it was not going to make deals with her to get her to pay and it would enforce the agreement as written. These facts demonstrate that the trial court did consider appellant's motion for modification and simply decided against it. As we indicated under appellant's first assignment of error, the court's decision was supported by competent, credible evidence and did not constitute an abuse of discretion.
Accordingly, appellant's third assignment of error is without merit.
Appellant's fourth assignment of error states:
 "A MOTION FOR A NEW TRIAL PURSUANT TO OHIO RULES OF CIVIL PROCEDURE 59 SHOULD HAVE BEEN GRANTED BY THE TRIAL COURT."
Appellant argues that the trial court abused its discretion by denying her motion for a new trial. She argues that a contempt hearing is a trial for purposes of Civ.R. 59. Appellant further argues that the trial court incorrectly termed her motion a motion for reconsideration, which she asserts is not recognized in Ohio.
A contempt hearing may be considered a trial for purposes of a Civ.R. 59 motion for a new trial. First Bank of Marietta v.Mascrete, Inc. (1997), 79 Ohio St.3d 503, paragraph one of the syllabus. For purposes of a Civ.R. 59 motion, a proceeding is considered a trial when the indicia of trial substantially predominate the proceeding. Id. at paragraph two of the syllabus. The indicia of trial may include:
 "* * * (1) whether the proceeding was initiated by pleadings, (2) whether it took place in court, (3) whether it was held in the presence of a judge or magistrate, (4) whether the parties or their counsel were present, (5) whether evidence was introduced, (6) whether arguments were presented in court by counsel, (7) whether issues of fact were decided by the judge or magistrate, (8) whether the issues decided were central or ancillary to the primary dispute between the parties, (9) whether a judgment was rendered on the evidence." Id. at 507
In the case at bar, the contempt hearing of January 19, 1999 meets all of the above factors thus rendering it a trial for purposes of appellant's Civ.R. 59 motion.
As appellant correctly stated, the Ohio Rules of Civil Procedure do not authorize motions for reconsideration after a final judgment in the trial court. Pitts v. Ohio Dept. of Transp.
(1981), 67 Ohio St.2d 378, paragraph one of the syllabus. Therefore, appellant's motion was properly termed a motion for a new trial. Even though the trial court incorrectly labeled the motion, it heard the evidence and made its ruling based on the evidence presented.
The standard of review for a trial court's denial of a motion for a new trial is abuse of discretion. See_Iames v. Murphy
(1995), 106 Ohio App.3d 627; Apaydin v. Cleveland Clinic Found. (1995), 105 Ohio App.3d 149. Appellant presented some testimony that her earnings had been impaired. However, appellee presented testimony that appellant's earnings had been significantly enhanced. Testimony was also presented that appellant would soon be receiving disability payments. There is nothing in the record to indicate that the trial court acted unreasonably, arbitrarily, or unconscionably.
Appellant's fourth assignment of error is without merit. For the reasons stated above, the decision of the trial court is hereby affirmed.
Cox, J., concurs
Vukovich, J., concurs