[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In 1997, plaintiff-appellant Karl Kleve was cited by defendant-appellee the city of Cincinnati for violating its zoning code. An administrative hearing relating to this violation was conducted on February 19, 1998. Following the hearing, the hearing officer concluded that, while better evidence could have been provided, the evidence supported the conclusion that the cars located at 3077 Jadaro Ct. were collector's vehicles and that, pursuant to R.C. 4513.65, which permits the storage of collector's vehicles on personal property, Kleve was not in violation of the relevant sections of the Cincinnati zoning code.
The city appealed the dismissal of the citation, arguing that Kleve had failed to establish by the preponderance of the evidence that the vehicles were collector's vehicles as defined in the statute. On December 3, 1998, an administrative review officer reversed the hearing officer's decision. The review officer held that insufficient evidence had been presented to establish the affirmative defense that the cars were collector's vehicles as provided in R.C. 4513.65. Following that determination, Kleve submitted additional evidence relating to the type, make, model, year, and book value of the cars. On December 29, an administrative review officer issued a decision refusing to consider the additional evidence because it was not presented in a timely manner.
Kleve appealed the December 29, 1998, decision to the Hamilton County Court of Common Pleas pursuant to R.C. Chapter 2506, stating that the decision of the administrative review officer was "arbitrary, capricious, unreasonable, and unsupported by a proponderance [sic] of the substantial, reliable and probative evidence * * *." Because Kleve did not appear at the scheduled hearing, the magistrate reviewed the evidence as it existed in the record. The magistrate concluded that the decision of the administrative review officer relating to timeliness of the additional evidence was not "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."
On November 29, 1999, Kleve filed objections to the magistrate's decision. He also filed a motion for a new trial, which was treated as an objection by the court of common pleas. On January 25, 2000, the trial court overruled Kleve's objections, finding that Kleve had "not demonstrated that he was unable, with reasonable diligence, to produce for the magistrate's consideration evidence that the vehicles in question were collector's vehicles." On February 11, 2000, the court of common pleas adopted and affirmed the magistrate's decision relating to whether the administrative review officer's decision was constitutional, legal, reasonable, and supported by the record.
On February 18, 2000, Kleve filed a motion for a new trial pursuant to Civ.R. 59(A)(7). Basically, Kleve supported his motion by arguing the merits of his case. In particular, Kleve cited to alleged improprieties that occurred on February 19, 1998, at the initial hearing and on appeal to the administrative review officer. The court of common pleas denied the motion for a new trial "for good cause shown." Kleve now appeals from that decision, raising nine assignments of error.
Before we address the merits of Kleve's appeal, we must first address a jurisdictional question. Pursuant to App.R. 4(A), a notice of appeal must generally be filed within thirty days of the judgment being appealed, unless the appeal falls under one of the listed exceptions. One exception listed in App.R. 4(B)(2) provides that if a party files a motion for a new trial pursuant to Civ.R. 59, then "the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered."
Here, the court of common pleas rendered its decision on February 11, 2000. Kleve filed a motion for new trial, which ordinarily would have tolled the time for filing an appeal. The motion was denied on March 8, 2000, and Kleve filed a notice of appeal on April 3, 2000. In the absence of the tolling event, Kleve's notice of appeal would have been untimely. Therefore, the question before us is whether Kleve properly tolled the time for filing an appeal when he filed a Civ.R. 59 motion for a new trial.
A Civ.R. 59 motion for a new trial presupposes a "trial" before it may be granted. While Civ.R. 59 does not contain a definition of "trial," the Ohio Supreme Court has stated that when determining whether a proceeding is a trial, we should focus our inquiry on the substance of the proceeding, specifically whether "indicia of trial substantially predominate in the proceeding."[1]
Viewing Kleve's proceeding before the court of common pleas in this light, we conclude that the indicia of trial did not predominate. Kleve initiated the action in the court of common pleas by requesting an administrative appeal pursuant to R.C. Chapter 2506. The court of common pleas did not conduct a hearing, admit additional evidence, or entertain arguments presented by counsel. Rather, the court considered the record as it existed at the administrative level. Under these circumstances, there was no "trial" within the meaning of the new-trial provision of Civ.R. 59. Because there was no trial conducted by the court of common pleas, the court had no authority to grant a new trial pursuant to Civ.R. 59. As a result, we hold that the motion for a new trial was not proper and had no effect on the time for bringing Kleve's appeal.
Without the tolling of the time for appeal, Kleve's appeal was not timely filed, and we, therefore, have no jurisdiction over his appeal pursuant to App.R. 4. Accordingly, the case is dismissed for lack of jurisdiction.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] First Bank of Marietta v. Mascrete, Inc. (1997), 79 Ohio St.3d 503,507, 684 N.E.2d 38, 41.