OPINION
Plaintiff, Houston Byrd, Jr., appeals a July 11, 2001 decision and entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying his motion for a new trial. Proceeding pro se, plaintiff asserts the following in his a ppellate brief:
 A STATEMENT OF THE ASSIGNMENTS OF ERROR PRESENTED FOR REVIEW
 The Appellant alleges the following errors of law in the trial court:
 1. The Court's assertion that the Appellant's "motion for a New Trial (Exhibit 50) is not timely filed and must be denied." (ASSIGNMENT #1) (Decision and Entry, pg 2, Timeliness, date-stamped July 11, 2001) Ohio Revised Code (O.R.C.) 2305, specifically states, "An action for any of the following causes shall be brought within four years after the cause thereof accrued: (C) For relief on the ground of fraud; (D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, 2305.14 and 1304.35 of the Revised Code. [Sic.]
 2. The Court's assertion that "[t]here was no trial in this case. Further, the Court stated, "Because there was no trial, Plaintiff's Motion for a New Trial is not proper and must be denied." (ASSIGNMENT #2) (Decision and Entry, pgs 2-3, Trial, date-stamped July 11, 2001) Exhibit 43 (line #1), clearly disputes this allegation. In addition, O.R.C. 2321.01 clearly states, "a motion for a new trial is not necessary as a prerequisite to obtain appellate review of the sufficiency or weight of the evidence submitted to the trial court where such evidence to be considered appears as a part of the record filed in the appellate court (EMPHASIS ADDED)." Finally, O.R.C., 2321, does not set forth any specific time restraints. [Sic.]
Plaintiff's complaint for divorce from the defendant, Carol Mickens-Byrd, was filed on March 25, 1995. Defendant filed an answer and counterclaim on August 29, 1995. Both parties sought custody of their minor child. The matter was referred to and heard by a magistrate of the court on August 21 and November 10, 1998. On February 2, 1999, the magistrate issued a report and recommendation that the defendant be named the residential parent. This report and recommendation was adopted by the trial court.
On April 26, 1999, the parties came before the court in order to hear their contested action for divorce. However, they reached an agreement and executed a settlement agreement, which was fully incorporated by the trial court in its October 8, 1999 judgment entry and divorce decree. That decree was tendered to the plaintiff for signature, but was not returned. Thereafter, plaintiff filed several post-decree motions, including the motion for new trial which is the subject of this appeal.
Both of the plaintiff's assignments of error concern the trial court's denial of plaintiff's motion for a new trial. Civ.R. 59(A) provides, as follows:
 A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 (1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
(2) Misconduct of the jury or prevailing party;
 (3) Accident or surprise which ordinary prudence could not have guarded against;
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
 (5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;
 (6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
(7) The judgment is contrary to law;
 (8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;
 (9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application[.]
 In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown.
The decision to grant or deny a motion for a new trial pursuant to Civ.R. 59 generally lies within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. Sharp v. Norfolk W. Ry. Co. (1995), 72 Ohio St.3d 307, 312. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
It appears that plaintiff's assignments of error make two arguments. First, plaintiff contends that the trial court erred when it concluded that his motion was untimely. Second, plaintiff maintains that the court incorrectly concluded that there was no trial in this case. Plaintiff makes many arguments in support of these claims, and we have carefully reviewed each. However, we find none to be of merit.
Civ.R. 59(B) clearly provides that "[a] motion for a new trial shall be served not later than fourteen days after the entry of the judgment." It is undisputed that plaintiff moved for a new trial on September 28, 2000, nearly one year after the entry of judgment in this case. Plaintiff's reliance upon R.C. 2305.09, the four-year statute of limitations for certain torts, does not extend the deadline for the filing of a motion for new trial. As correctly set forth by the trial court, Civ.R. 6(B) specifically provides that it may not extend the time for taking action under Civ.R. 59. Plaintiff's first assignment of error is therefore overruled.
In First Bank of Marietta v. Mascrete, Inc. (1997), 79 Ohio St.3d 503, the Ohio Supreme Court explained:
 [T]he proper test for determination of whether a proceeding is a trial, subject to a Civ.R. 59 motion for a new trial, is an inquiry that focuses on the substance of the proceeding rather than on its form. A proceeding is considered a trial for purposes of Civ.R. 59 when the indicia of trial substantially predominate in the proceeding. In deciding whether a proceeding rises to the level of a trial for Civ.R. 59 purposes, courts should consider the nature of the individual proceeding.
 A list of relevant indicia may include (1) whether the proceeding was initiated by pleadings, (2) whether it took place in court, (3) whether it was held in the presence of a judge or magistrate, (4) whether the parties or their counsel were present, (5) whether evidence was introduced, (6) whether arguments were presented in court by counsel, (7) whether issues of fact were decided by the judge or magistrate, (8) whether the issues decided were central or ancillary to the primary dispute between the parties, (9) whether a judgment was rendered on the evidence. The list of factors is not intended to be exhaustive. Other indicia may be considered. The focus of the inquiry, however, is whether there is a substantial predominance of indicia of trial such that the proceeding is properly characterized as a trial for Civ.R. 59 purposes. [Id. at 507.]
Applying this test, the trial court concluded:
 Upon consideration of these indicia of trial, the Court determines that there was no trial in this case. The Judgment Entry and Divorce Decree was the result of a settlement agreement reached between the parties. No evidence was introduced, arguments were not presented to the Court, the Court did not decide issues of fact, and the Court did not render a judgment on the evidence. The Court simply incorporated the parties' agreement into its Judgment Entry and Divorce Decree. * * * [7/11/01 Decision and Entry at 3.]
Plaintiff does not directly dispute any of these findings. Rather, he relies entirely upon the first sentence of the trial court's judgment entry and decree of divorce which states:
 This cause, regularly assigned, came for trial before the Court on the 23rd day of April, 1999, upon the Complaint of Plaintiff Houston Byrd, filed May 25, 1995, and the Answer and Counterclaim of Carol Mickens Byrd, filed August 29, 1995, and plaintiff's oral motion on April 23, 1999 to set aside the magistrate order of January 25, 1999 and reopen the record and remand for further hearing by the magistrate the final allocation of parental rights and responsibilities.
Although plaintiff appears to believe that this language makes the court's finding incorrect as a matter of law, we find no error in the trial court's application of the factors enumerated in First Bank of Marietta. Accordingly, plaintiff's second assignment of error is also overruled.
For the foregoing reasons, plaintiff's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
BOWMAN and KLATT, JJ., concur.