This appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, the Estate of Flora Olivito (hereinafter "Flora"), appeals the decision of the Jefferson County Court of Common Pleas which approved the settlement and distribution of the wrongful death and survival claims of the Appellee, the Estate of Anthony J. Olivito, Jr. ("hereinafter "Anthony"), without including Flora's estate as a beneficiary to the settlement. Because Flora's estate filed a timely motion for a new trial which the trial court had not disposed of when the notice of appeal was filed, we lack jurisdiction over this appeal. Accordingly, we dismiss this appeal and remand the case to the trial court for resolution of Flora's new trial motion.
On December 14, 1999, Anthony died in an automobile accident as the result of the negligence of another. His son, Joseph Olivito (hereinafter "Joseph"), filed an application to probate the decedent's will on December 28, 1999, and was named executor of Anthony's estate that same day. The named beneficiaries in the will were Anthony's wife, Flora, his two sons, Joseph and Jon Olivito (hereinafter "Jon"), and his daughter, Catherine Crawford (hereinafter "Catherine"). While the will was being probated, Flora died on July 10, 2000.
On June 15, 2001, Anthony's estate filed an application to approve settlement and distribution of wrongful death and survival claims of a one million dollar settlement. This application only named Joseph, Jon, and Catherine as beneficiaries. A note on the application states Flora's estate is precluded from recovery under the terms of an antenuptial agreement and Anthony's last will and testament. After a hearing, the trial court approved the settlement and distribution of wrongful death and survival claims on June 19, 2001. The trial court's entry only distributed the settlement between Joseph, Jon, and Catherine. A note on the entry reflects the trial court found Flora's estate was precluded from recovering any part of the settlement with the insurance company because of the antenuptial agreement and Anthony's will.
On June 29, 2001, Flora's estate filed a motion for relief from judgment and other relief claiming Flora was a statutory beneficiary and neither the antenuptial agreement nor Anthony's will preclude her recovery. That motion contained two branches. The first requested relief from judgment while the second requested a new hearing on the application to approve settlement and distribution of wrongful death and survival claims. Before the trial court ruled on the motion, Flora's estate filed a notice of appeal on July 18, 2001.
In their briefs to this court, both parties acknowledge this case may not be ripe for appeal as the trial court has not ruled on the motion before it. As a general rule, neither a motion for relief from judgment nor a motion for reconsideration tolls the time for filing a timely notice of appeal. Colley v. Bazell (1980), 64 Ohio St.2d 243, 245,416 N.E.2d 605; Chester Twp. v. Fraternal Order of Police, Ohio LaborCouncil, Inc. (1995), 102 Ohio App.3d 404, 408, 657 N.E.2d 348. However, if a party files a timely Civ.R. 59 motion for a new trial, the time for filing a notice of appeal begins to run once the trial court has disposed of that motion. First Bank of Marietta v. Mascrete, Inc. (1997),79 Ohio St.3d 503, 506, 684 N.E.2d 38; App.R. 4(B)(2).
In order for a motion for a new trial to be timely, a party must file that motion within fourteen days of the trial court's judgment. Civ.R. 59(B). Additionally, "[a] proceeding is considered a trial for purposes of Civ.R. 59 when the indicia of trial substantially predominate in the proceeding." First Bank of Marietta at paragraph two of the syllabus. In order to determine whether a particular hearing contains the indicia of trial, courts must consider the nature of the individual proceeding. Id. at 507, 684 N.E.2d at 41.
 "A list of relevant indicia may include (1) whether the proceeding was initiated by pleadings, (2) whether it took place in court, (3) whether it was held in the presence of a judge or magistrate, (4) whether the parties or their counsel were present, (5) whether evidence was introduced, (6) whether arguments were presented in court by counsel, (7) whether issues of fact were decided by the judge or magistrate, (8) whether the issues decided were central or ancillary to the primary dispute between the parties, (9) whether a judgment was rendered on the evidence. The list of factors is not intended to be exhaustive. Other indicia may be considered. The focus of the inquiry, however, is whether there is a substantial predominance of indicia of trial such that the proceeding is properly characterized as a trial for Civ.R. 59 purposes." Id.
In this case, the motion was filed ten days after the trial court entered judgment. Thus, the motion was timely. Likewise, the hearing the trial court held in this case contained substantial indicia of trial. The proceedings were initiated by pleadings, took place in a courtroom before a judge, the parties were represented by counsel, arguments were presented by counsel, the issue decided was central to the case before the court, and the trial court entered judgment. Therefore, it appears the hearing was a trial for the purposes of Civ.R. 59.
Flora's estate timely filed a proper Civ.R. 59 motion for a new trial. Hence, the time for filing a notice of appeal would begin to run only after the trial court disposes of that motion for a new trial. Because it has not done so, we do not have jurisdiction to hear this appeal. SeeGillespie v. Iler (May 6, 1996), 3rd Dist. No. 15-95-8. Only after the trial court has disposed of the motion for a new trial will this court have jurisdiction over any possible subsequent appeal.
Accordingly, we dismiss this appeal and remand the matter to the trial court so it may dispose of the motion for a new trial currently pending before it.
Vukovich, P.J., concurs.
Waite, J., concurs.