MEMORANDUM OPINION
{¶ 1} On July 8, 2005, appellants, Wi. I. Hsu, M.D. and Wi. I. Hsu, M.D., Inc., filed a notice of appeal with this court from a June 10, 2005 judgment of the Trumbull County Court of Common Pleas.
 {¶ 2} On May 27, 2005, the jury returned a verdict in favor of appellee, Peter Broberg. Prior to the jury returning its verdict, on May 26, 2005, appellee filed a motion for prejudgment interest. On June 6, 2005, after the jury returned its verdict, but before the trial court entered judgment on the verdict, appellants filed a motion for a new trial, or in the alternative for remittitur.
 {¶ 3} The trial court entered judgment on the verdict on June 10, 2005. In that entry, the trial court ordered that appellee recover from appellants the sum of $210,000 for medical, hospital, and surgical expenses and $1,500,000 in compensatory damages. That entry did not make any express finding that there was no just cause for delay or address appellee's motion for prejudgment interest. The order also did not address appellants' motion for a new trial, or in the alternative for remittitur. It was from the June 10, 2005 entry that appellants filed their notice of appeal on July 8, 2005.
 {¶ 4} On July 21, 2005, appellee filed a motion to dismiss the appeal for lack of a final appealable order. No response has been filed. Since the trial court's judgment entry is not a final appealable order, we are compelled to grant appellee's motion and dismiss appellants' appeal.
 {¶ 5} Civ.R. 54(B) provides that:
 {¶ 6} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 7} Therefore, when a trial court's judgment in a civil action fails to adjudicate all of the issues presented, as in the instant matter, that judgment is not a final appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" Girard v.Leatherworks Partnership, 11th Dist. No. 2001-T-0138, 2002-Ohio-7276, at ¶ 17, citing State ex rel. A D Ltd. Partnership v. Keefe (1966),77 Ohio St.3d 50, 56; Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 88.
 {¶ 8} Although a judgment on a motion for prejudgment interest can be appealed separately from the final judgment when the motion is made prior to that judgment, this is only true if the trial court expressly found that there was no just reason for delay. Thus, without the inclusion of Civ.R. 54(B) language, there is no final appealable order.
 {¶ 9} In addition, appellants filed a motion for new trial, or in the alternative for remittitur, on June 6, 2005, which, to date, has not been ruled upon by the trial court. App.R. 4(B)(2) states that: in a civil case, if a party files a timely motion for a new trial, "the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered." See, also, First Bank of Mariettav. Mascrete, Inc. (1997), 79 Ohio St.3d 503, 506.
 {¶ 10} Since appellants' motion for new trial, or in the alternative for remittitur, was timely filed, the time for filing a notice of appeal would begin to run only after the trial court disposes of that motion. In the absence of a dispositive judgment entry, that motion is still technically pending, and the appeal time has never begun to run. Therefore, this court does not have jurisdiction to hear this appeal as it is premature. Only after the trial court disposes of the motion for a new trial or in the alternative for remittitur will we have jurisdiction over any possible subsequent appeal.
 {¶ 11} Based upon the foregoing analysis, appellee's motion to dismiss is granted, and this appeal is dismissed due to lack of jurisdiction.
 {¶ 12} Appeal dismissed.
Ford, P.J., O'Neill, J., concur.