DECISION AND JUDGMENT ENTRY
{¶ 1} Richard Tipton appeals the entry of the Gallia County Common Pleas Court, which granted Defendant Sylvia Goodnight's motion for new trial after it had entered a default judgment against her. Tipton contends that the trial court erred as a matter of law in granting the motion because the proceeding that occurred, by its very nature, is not subject to a Civ.R. 59 motion for new trial. We conclude that the trial court's entry of a default judgment does not possess the indicia of a trial and, therefore, it was improper for the trial court to grant the motion.
 {¶ 2} Tipton also contends that the trial court erred in granting the motion for new trial because the motion was served past the time limits set forth in Civ.R. 59(B). Because we found merit in Tipton's first assignment of error, we will not address this second contention as it is now moot.
 {¶ 3} This procedural quagmire involves a dispute about the location of Tipton's easement over Goodnight's property. Tipton claims that Goodnight placed her modular home in an area that encroached upon his easement. Tipton served his first complaint on Goodnight in April of 2001. Tipton voluntarily dismissed that complaint on April 24, 2002.
 {¶ 4} Tipton then filed a second complaint, with the same allegations as the first, against Goodnight. The common pleas court dismissed this complaint without prejudice because Tipton failed to appear at a pretrial conference. Tipton then filed a motion for leave of court to reschedule the final pretrial conference. Before the court issued a ruling on this motion, Tipton filed both a motion for relief from judgment with the trial court and a notice of appeal in this court. We subsequently remanded the matter back to the trial court for decisions on his motion to reschedule the pretrial and motion for relief from judgment.
 {¶ 5} After the remand, Tipton filed an identical third complaint against Goodnight on September 22, 2003. Goodnight never filed an answer to this third complaint, and Tipton subsequently filed a motion for default judgment.
 {¶ 6} Goodnight did not respond to the motion for default judgment even after the trial court set the motion for a non-oral hearing. Subsequently, the trial court granted Tipton a default judgment that ordered Goodnight to refrain from blocking the easement, and to move the modular home within thirty days. Goodnight then retained new counsel and filed a Civ. R. 60(B) motion to vacate judgment, which the court denied. She did not appeal the denial of her Civ.R. 60(B) motion. Instead, Goodnight filed a motion for new trial, which is the subject of this appeal. The trial court granted the motion for new trial and consolidated the second and third cases. Tipton appealed and asserts the following assignments of error:
I. BECAUSE THERE WAS NO TRIAL FOR THE PURPOSES OF CIV.R. 59 THAT WOULD BE SUBJECT TO A CIV.R. 59 MOTION FOR A NEW TRIAL, A CIV.R. 59 MOTION FOR A NEW TRIAL DID NOT LIE, AND THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED DEFENDANT'S CIV.R. 59 MOTION FOR NEW TRIAL.
II. THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT-APPELLEE'S AUGUST 10, 2004 MOTION FOR NEW TRIAL BECAUSE IT WAS SERVED MORE THAN 7 MONTHS AFTER THE DECEMBER 23, 2003 JUDGMENT ENTRY AND WAS WELL OUTSIDE THE MANDATORY 14 DAY DEADLINE SPECIFIED BY CIV.R. 59(B) AND CIV.R. 60(B).
 {¶ 7} Generally, the granting of a motion for a new trial rests in the sound discretion of the trial court and we will not reverse that decision on appeal absent an abuse of that discretion. Rhode v. Farmer (1970), 23 Ohio St.2d 82,262 N.E.2d 685, paragraph one of the syllabus. However, if the issue to be reviewed proposes a question of law, the abuse of discretion standard is inapplicable. Id. at 89. Here, the issue of whether a default judgment is a trial for purposes of Civ.R. 59 proposes a question of law, and thus, we will use a de novo standard of review.
 {¶ 8} In determining whether a proceeding is a trial for purposes of a Civ.R. 59 motion for a new trial, the focus is on the substance of the proceeding rather than its form. First Bankof Marietta v. Mascrete, Inc. (1997), 79 Ohio St.3d 503, 507,684 N.E.2d 38, 41. A proceeding is a "trial" for purposes of Civ.R. 59 when the "indicia of trial substantially predominate in the proceeding." Id. A list of relevant indicia to consider includes:
(1) whether the proceeding was initiated by pleadings, (2) whether it took place in court, (3) whether it was held in the presence of a judge or magistrate, (4) whether the parties or their counsel were present, (5) whether evidence was introduced, (6) whether arguments were presented in court by counsel, (7) whether issues of fact were decided by the judge or magistrate, (8) whether the issues decided were central or ancillary to the primary dispute between the parties, (9) whether a judgment was rendered on the evidence. The list of factors is not intended to be exhaustive. Other indicia may be considered. The focus of the inquiry, however, is whether there is a substantial predominance of indicia of trial such that the proceeding is properly characterized as a trial for Civ.R. 59 purposes.
Id.
 {¶ 9} Here, the indicia of trial do not substantially predominate in the trial court's grant of a default judgment. The trial court scheduled a non-oral hearing to consider the default judgment. Thus, neither counsel nor the parties were present. Obviously, they didn't present argument in the court. The issue of default is ancillary to the primary dispute between the parties, i.e., the issue to be decided did not go to the merits of whether an encroachment occurred. Thus, while the underlying proceeding was initiated by pleading, i.e., a complaint, the judgment arose from a motion that was designed to terminate the litigation without the necessity of the plaintiff proving the merits of his case. Thus, in one sense a motion for default judgment represents the antithesis of a trial. Moreover, Civ.R. 55(B) provides that "the court may set it aside in accordance with Rule 60(B)." While the word "may" is generally permissive, we believe it is used in the context of a court's discretion to grant the motion rather than providing there are other appropriate procedural mechanisms, such as a motion for new trial, in obtaining relief. In fact, appellant sought Civ.R. 60(B) relief but failed to appeal when the court denied it.
 {¶ 10} Therefore, we conclude that because the trial court's grant of default judgment did not contain sufficient indicia of a trial, the court erred as a matter of law in granting Goodnight's motion for a new trial. We sustain Tipton's first assignment of error.[1]
 {¶ 11} In his second assignment of error, Tipton contends that the trial court erred in granting Goodnight's motion for new trial because it was served after the 14 day deadline established in Civ.R. 59(B). Because we sustained Tipton's first assignment of error and reversed the trial court, we need not address this second assignment of error.
Judgment Reversed and Cause Remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
[1] We realize the result may seem draconian initially. But rather than make bad law to obtain a "good result", we adhere to the philosophy of letting the chips fall where they may. Moreover, the appellee had the opportunity to appeal the denial of her Civ.R. 60(B) motion but did not pursue it. Neither the appellant or this court bear any responsibility for that course of action.