JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff, Julie Luft Signer, appeals the trial court's order finding her in contempt of court in her divorce proceedings against defendant, Benjamin Signer. The order finding Julie in contempt was entered on August 18, 2004. The court provided her with numerous opportunities to purge the contempt, but Julie failed to comply with those orders. The court finally imposed a jail sentence for her contempt on December 14, 2004. Julie filed an appeal of the court's finding of contempt on December 15, 2004.
 {¶ 2} Julie's appeal is out of rule. App.R. 4(A) states: "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." Julie had numerous notices of the judgment of contempt against her. In fact, when she appeared on the first day of her contempt hearing, the court offered her an additional day, until August 29th, to avoid being found in contempt of court. In response, Julie did not appear for the hearing the next day. The court then found her in contempt, and, upon motion, scheduled a hearing concerning her continued contempt, which was set for September 29th. Julie and her counsel appeared at this hearing and requested a continuance, which the court granted. Julie signed the journal entry, which stated that the hearing was reset for October 14, 2004. Julie also agreed in writing to comply with the court's orders. The purge hearing was reset for December 6, 2004, to which Julie appeared with counsel four hours late. In Julie and her counsel's presence, the court reset that hearing for December 13, 2004. Although Julie failed to appear at the December 13th hearing, her counsel was present. At this December 13th hearing, the court ordered Julie to serve the fourteen-day contempt sentence. Julie appealed this ruling the next day. When she finally appealed the finding of contempt in the middle of December, Julie was well beyond the thirty-day time limit for filing the appeal of the contempt finding, which was made on August 29th.
 {¶ 3} A ruling finding a party in contempt is a judgment which is governed by App.R. 4(A). First Bank of Marietta v.Mascrete (1997), 79 Ohio St.3d 503, 1997-Ohio-158. InMascrete, the appellant had been found in contempt and had filed a Civ.R. 59 motion for a new trial of his contempt finding. His appeal was timely filed within the thirty-day limit after the court's denial of a new trial, but was outside the thirty-day time limit for appealing the contempt finding itself. The Ohio Supreme Court found that the Civ.R. 59 filing tolled the appeal time, but that without that tolling, the appeal from the contempt would have been out of rule.
 {¶ 4} Julie did not file any motion for a new trial or any other motion which would toll the appeal time on the contempt finding against her. Her appeal time, therefore, had long expired by the time she filed her appeal in December.
 {¶ 5} When "a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal."State ex rel. Pendell v. Adams County Bd. of Elections (1988),40 Ohio St.3d 58, 60. Because we are without jurisdiction to address this appeal, it is dismissed.
It is ordered that appellee recover of appellant his costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Kilbane, J., concur.