OPINION
{¶ 1} Defendant-appellant, Tyree J. Rodgers, appeals the judgment and sentences in the Franklin County Court of Common Pleas following his no contest pleas to aggravated robbery, robbery and kidnapping with firearm specifications. For the following reasons, we affirm.
 {¶ 2} On January 26, 2006, defendant was indicted on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a first degree felony, one count of robbery in violation of R.C. 2911.02(A)(1) and (2), a second degree felony, one count of robbery in *Page 2 
violation of R.C. 2911.02(A)(3), a third degree felony, and one count of kidnapping in violation of R.C. 2905.01(A)(2), a first degree felony. All four counts carried both one-year and three-year firearm specifications, in violation of R.C. 2941.141 and 2941.145, respectively.
 {¶ 3} On May 15, 2006, defendant entered a no contest plea to all four counts in the indictment, including the attendant R.C. 2929.145 firearm specifications, and the trial court found defendant guilty on all counts. The trial court merged the robbery counts with the aggravated robbery count and the state elected to have defendant sentenced on the aggravated robbery count with the firearm specification. The court also merged the firearm specification on the kidnapping count with the firearm specification on the aggravated robbery count. In addition, the court reduced the kidnapping count to a second-degree felony.
 {¶ 4} At the June 23, 2006 sentencing hearing, a successor judge imposed an eight-year term of incarceration for the aggravated robbery, with an additional three years of actual incarceration on the R.C.2941.145 firearm specification to be served consecutively to the aggravated robbery sentence. The court also imposed, over defense counsel's objection, a four-year concurrent term of imprisonment for the kidnapping. The court journalized the sentences on July 6, 2006.
 {¶ 5} On August 3, 2006, defendant moved to strike the July 6, 2006 judgment entry on grounds it erroneously stated that defendant pled guilty. On August 7, 2006, defendant filed a notice of appeal from the July 6, 2006 judgment entry. On August 11, *Page 3 
2006, the trial court filed an amended judgment entry correcting the error in the July 6, 2006 judgment entry.
 {¶ 6} On appeal, defendant advances two assignments of error, as follows:
 I. The trial court erred in entering a judgment of conviction for kindapping (sic) and aggravated robbery where convictions on both offenses are contrary to R.C. 2491.25.
 II. R.C. 2929.14(E)1 [sic], R.C. 2929(E)(H) [sic] and 2929.14(D)(1)(a)(i) are unconstitutional pursuant [sic] to State v. Foster (2006), 109 Ohio St.3d 1 as ppled [sic] to this case because they require judical [sic] fact finding to dtermine [sic] whether consecutive sentencing is required or which consecutive sentence is applicable.
 {¶ 7} By his first assignment of error, defendant asserts the trial court erred, in violation of R.C. 2941.25, by failing to merge the aggravated robbery and kidnapping convictions for purposes of sentencing. Resolution of this assignment of error requires a review of the facts set forth at the plea hearing.
 {¶ 8} On January 19, 2006, Columbus Police Narcotics Detective Michael Johnson arranged to meet with a known narcotics dealer, Towan Prewitt, to purchase 14 grams of crack cocaine for $380. Prior to the meeting, Detective Johnson documented the serial numbers of the money to be used in the transaction. He placed the marked money in his wallet, along with undercover identification.
 {¶ 9} Detective Johnson, along with a confidential informant, drove to the appointed meeting place; a police surveillance team assembled nearby. Prewitt approached the vehicle on foot, opened the driver side rear door, and sat directly behind *Page 4 
Detective Johnson. Defendant entered through the passenger side rear door and sat directly behind the confidential informant.
 {¶ 10} After Detective Johnson protested that he did not know defendant, Prewitt produced a small semi-automatic weapon, placed it to Detective Johnson's head, and demanded the $380. Defendant, concealing his hand under his shirt to imply he had a weapon, ordered Detective Johnson to surrender his wallet and car keys. Following the robbery, defendant threw the car keys across the street. Defendant and Prewitt then exited the vehicle; defendant ordered Detective Johnson and the confidential informant to remain inside until they were out of view.
 {¶ 11} The police apprehended defendant and Prewitt in a nearby parking lot; each held a portion of the robbery proceeds. The firearm used in the robbery was recovered in the same parking lot.
 {¶ 12} R.C. 2941.25, Ohio's allied offense statute, protects against multiple punishments for the same criminal conduct, which could violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. R.C. 2941.25 provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contains counts for all such offenses, and the defendant may be convicted of all of them. *Page 5 
 {¶ 13} In State v. Rance (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, the Ohio Supreme Court set forth the test to be applied to R.C. 2941.25. "Under an R.C. 2941.25(A) analysis, the statutorily defined elements of the offenses that are claimed to be of similar import are comparedin the abstract." (Emphasis sic.) Id. at paragraph one of the syllabus, overruling Newark v. Vazirani (1990), 48 Ohio St.3d 81, 549 N.E.2d 520. "Courts should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other.' * * * And if the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus." Id. at 638-639 (Citation omitted).
 {¶ 14} In State v. Savage, Franklin App. No. 02AP-202, 2002-Ohio-6837, the defendant entered a restaurant and demanded, at gunpoint, that an employee give him money. Immediately after obtaining the money, the defendant exited through a rear door. He was subsequently convicted of aggravated robbery and kidnapping. On appeal, this court, pursuant toRance, compared the statutorily defined elements of the crimes in the abstract to determine whether those elements correspond to such a degree that the commission of one crime will result in the commission of the other. We determined that they did not so correspond, as aggravated robbery under R.C. 2911.01 requires having a deadly weapon on or about the offender's person while attempting, committing or fleeing immediately after a theft offense and kidnapping does not; conversely, kidnapping under R.C. 2905.01 requires some restraint of liberty by the offender and aggravated robbery *Page 6 
does not. Id. at ] 41. We thus concluded that since the commission of one offense purportedly can occur without the commission of the other, the offenses are not allied offenses of similar import. Id. (Citations omitted.)
 {¶ 15} We further recognized, however, that subsequent toRance, the Ohio Supreme Court decided State v. Fears (1999),86 Ohio St.3d 329, 715 N.E.2d 136. We noted that in Fears, the court, concluding that a kidnapping specification should have merged with an aggravated robbery specification in a capital case, reaffirmed the merger doctrine set forth in State v. Jenkins (1984), 15 Ohio St.3d 164, 15 OBR 311,473 N.E.2d 264, that is, that "implicit within every robbery (and aggravated robbery) is a kidnapping." Therefore, a kidnapping specification merges with an aggravated robbery specification unless the offenses were committed with a separate animus." Id. at ] 43, quoting Fears, supra, at 344, quoting Jenkins, supra, at 198, fn. 29.
 {¶ 16} Applying Fears and Jenkins, this court proceeded to the second step of the Rance test to determine whether the aggravated robbery and kidnapping were committed separately or with a separate animus. We noted that the defendant made no other demands of the victim except to provide money and fled immediately after the money was provided. Under those facts, we determined that the restraint of the victim was merely incidental to the underlying crime of aggravated robbery and that the defendant did not act with a separate animus when he restrained the victim's liberty during the course of the aggravated robbery. Accordingly, we concluded that the kidnapping conviction was impermissibly cumulative and should have merged with the aggravated robbery conviction. Id. at ¶ 45. *Page 7 
 {¶ 17} Thus, in light of Savage, we must determine whether the aggravated robbery and kidnapping were committed separately or with a separate animus. Defendant contends there was no separate animus involved in the kidnapping and that it was merely incidental to the aggravated robbery. In contrast, the state contends the kidnapping was not incidental to the aggravated robbery because it occurred after the aggravated robbery had already been completed, when defendant further restrained the victims' liberty by throwing the car keys across the street and ordering the victims to remain in the vehicle. Both parties cite State v. Logan (1979), 60 Ohio St.2d 126, 14 O.O.3d 373,397 N.E.2d 1345.
 {¶ 18} In the syllabus of Logan, the Ohio Supreme Court adopted the following test to determine whether kidnapping and another offense of the same or similar kind are committed with a "separate animus" as to each pursuant to R.C. 2941.25(B):
 (a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;
 (b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions. *Page 8 
 {¶ 19} R.C. 2905.01(A)(2), the relevant portion of the kidnapping statute, provides that "no person, by force, threat, or deception, * * * shall * * * restrain the liberty of the other person * * * [t]o facilitate the commission of any felony or flight thereafter[.]"
 {¶ 20} Our reading of the kidnapping statute and the guidelines set forth in paragraph (a) of the Logan test leads us to conclude that the aggravated robbery and kidnapping were committed with a separate animus. Defendant and Prewitt completed the robbery once they obtained the money and wallet. At that point, they could have exited the vehicle and fled. Instead, defendant confiscated Detective Johnson's keys, tossed them across the street, and ordered the victims to remain in the vehicle until they were out of view. In this respect, the restraint of the victims' liberty was not merely incidental to the aggravated robbery, as it was not essential to commit the aggravated robbery. Rather, such restraint was substantial enough to demonstrate a significance independent of the aggravated robbery. It is clear that defendant threw the car keys and ordered the victims to remain in the vehicle to prevent the victims from driving away and to facilitate his and Prewitt's flight from the scene of the crime. Defendant's conduct is precisely that contemplated in the portion of the kidnapping statute referenced above. In short, defendant's restraint of the victims' liberty past the point necessary to complete the aggravated robbery was not merely incidental to the aggravated robbery.
 {¶ 21} The record also supports a finding that defendant committed the kidnapping with an animus separate from that required for commission of the aggravated robbery under paragraph (b) of the Logan test. Defendant's continued restraint of the victims after the aggravated robbery subjected the victims to a substantial increase in risk of harm *Page 9 
separate and apart from that involved in the aggravated robbery. Prewitt remained armed after defendant expelled the keys from the vehicle. Because the victims could not drive away, they were subjected to an increased risk of being shot.
 {¶ 22} Because the record supports a finding that defendant committed the kidnapping with an animus separate from that required for commission of the aggravated robbery, we conclude that the trial court did not err in failing to merge the offenses of aggravated robbery and kidnapping. The first assignment of error is not well-taken.
 {¶ 23} Defendant's second assignment of error challenges the trial court's imposition of a three-year term of actual incarceration on the firearm specification. R.C. 2929.14 governs firearm specifications and provides, in relevant part, as follows:
 (D)(1)(a) Except as provided in division (D)(1)(e) of this section, if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section 2941.141 * * * 2941.144 * * *, or 2941.145 * * * of the Revised Code, the court shall impose on the offender one of the following prison terms:
 * * *
 (ii) A prison term of three years if the specification is of the type described in section 2941.145 * * * of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense and displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using it to facilitate the offense;
 (iii) A prison term of one year if the specification is of the type described in section 2941.141 * * * of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the felony. *Page 10 
 {¶ 24} Defendant contends the firearm specification framework set forth above is unconstitutional where, as here, the indictment alleges both one-year and three-year firearm specifications on the underlying offense. Specifically, defendant asserts the trial court's imposition of a three-year sentence pursuant to R.C. 2929.14(D) (1 )(a)(ii) rather than a one-year sentence pursuant to R.C. 2929.14(D) (1 )(a)(iii) required the trial court to make a factual determination that he displayed, brandished, indicated that he possessed a firearm, or used a firearm to facilitate the underlying offense. Defendant contends the statutory framework requires judicial factfinding found to be unconstitutional pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The state argues that defendant waived such arguments for purposes of appeal.
 {¶ 25} In Foster, the Ohio Supreme Court held that portions of Ohio's felony sentencing framework violate the Sixth Amendment to the United States Constitution in the manner set forth in Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, andBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct., 2531,159 L.Ed.2d 403. In particular, the court found the following provisions of Ohio's sentencing statute unconstitutional because they required judicial factfinding to exceed the sentence allowed simply as a result of a conviction or plea: R.C. 2929.14(B) and 2929.19(B)(2) [pertaining to more than minimum prison terms]; R.C. 2929.14(C) [pertaining to maximum prison terms]; R.C. 2929.14(E)(4) and 2929.41(A) [pertaining to consecutive prison terms]; R.C. 2929.14(D)(2)(b) [pertaining to repeat violent offenders]; and R.C. 2929.14(D)(3)(b) [pertaining to major drug offenders]. Id. at paragraphs one, three, and five of the syllabus. The court severed these statutes and allowed trial courts full *Page 11 
discretion when imposing prison sentences in most situations. Id. at paragraphs two, four, six and seven.
 {¶ 26} In State v. Awan (1986), 22 Ohio St.3d 120, 22 OBR 199,489 N.E.2d 277, syllabus, the Ohio Supreme Court held that a "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from the state's orderly procedure, and therefore need not be heard for the first time on appeal." Further, since Foster was decided, this court has repeatedly held that a Blakely challenge is waived if a defendant sentenced subsequent to the Blakely decision failed to raise the decision in the trial court. State v. Draughon, Franklin App. No. 05AP-860, 2006-Ohio-2455, at ¶ 8; State v. Trewartha, Franklin App. No. 05AP-513, 2006-Ohio-5040, at ?28-29. Blakely was decided on February 24, 2004; Foster was decided on February 27, 2006. Defendant was sentenced on June 23, 2006. Upon thorough review of the transcript of the sentencing hearing, we find that defendant failed to raise any issues regarding the constitutionality of the firearm specification statutory scheme pursuant to Blakely/Foster. Accordingly, we conclude that defendant has waived his constitutional challenge for purposes of this appeal.
 {¶ 27} Furthermore, even if defendant had preserved hisBlakely/Foster argument, defendant cannot prevail. As noted above, theFoster court found only certain portions of Ohio's felony sentencing framework to be unconstitutional; R.C. 2929.14(D)(1) was not held to be unconstitutional. Accordingly, Foster is inapplicable to this case. SeeState v. *Page 12 Grimes, Union App. No. 14-05-20, 2006-Ohio-2144, at ¶ 18. The second assignment of error is not well-taken.
 {¶ 28} Finally, defendant cannot succeed on the merits of hisFoster claim. Defendant entered a plea of no contest to the R.C.2941.145 firearm specification and was convicted upon such plea; accordingly, a three-year sentence was mandatory pursuant to R.C.2929.14(D) (1 )(a)(ii) and 2941.145. Thus, no judicial factfinding was necessary. At least one Ohio appellate court has found similarly. InState v. McDonald, Lake App. No. 2005-L-113, 2006-Ohio-113, the court wrote "[t]he sentence for the firearm specification was mandatory and imposed pursuant to R.C. 2929.14(D) (1 )(a)(ii) and R.C. 2941.145. No judicial factfinding was required for the imposition of this sentence. Since this sentence does not violate State v. Foster and was not raised on appeal, we will not disturb it." Id. at ¶ 11.
 {¶ 29} For the foregoing reasons, defendant's first and second assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed. PETREE and BROWN, JJ., concur. *Page 1